**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN RICHAR WHEELER | : | |
| | : | |
| Appellant | : | No. 1071 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 12, 2023
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000488-2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED: JUNE 10, 2024**

Benjamin Richar Wheeler (Appellant) appeals from the judgment of sentence entered following his guilty plea to involuntary deviate sexual intercourse (IDSI) with a child less than thirteen years old,[1] a tier III offense under the Sexual Offender Registration and Notification Act (SORNA). **See** 42 Pa.C.S.A. §§ 9799.14(d), 9799.15(a)(3). After careful consideration, we affirm.

The trial court summarized the relevant history underlying this appeal:

On or about August 8, 2022, [Appellant] was charged with various crimes arising out of his alleged sexual abuse of his five-year-old stepdaughter, including [IDSI] with a child and sexual assault. [Appellant] was also charged with four (4) counts of sexual abuse of children related to allegations that he took sexually explicit videos or photographs of his stepdaughter and also videos or

---

[1] 18 Pa.C.S.A. § 3123(b).

photographs of his stepdaughter and her ten-year-old male cousin engaging in prohibited sexual acts or the simulation of such acts.

….

…[O]n April 23, 2023, [Appellant] pled guilty to [IDSI] with a child, … a felony of the first degree and a tier III SORNA offense. *See* Order dated April 24, 2023. At the plea hearing, the Commonwealth indicated it did "not intend to seek to designate him as a sexually violent predator" (SVP)." *Id.*

On June 12, 2023, [the trial court] sentenced [Appellant] to a split sentence of total confinement and supervision, such that [Appellant] shall undergo an indeterminate period of incarceration, the minimum of which shall be sixteen (16) years and the maximum of which shall be thirty-five (35) years[,] followed by three (3) years of mandatory consecutive probation pursuant 42 Pa.C.S.[A.] § 9718.5. *See* Order dated June 12, 2023. **[The court] had the benefit of a presentence investigation report [(PSI),] and the minimum sentence was within the standard range of ten (10) to twenty (20) years**. … **[T]he offense of [IDSI,] 18 Pa.C.S.[A.] § 3123, has a mandatory minimum of ten (10) years pursuant to 42 Pa.C.S.A. § 9718(a)**.

Trial Court Opinion, 10/13/23, at 1-2 (internal quotation marks omitted; emphasis added). Appellant was informed of his registration obligations.

Appellant timely filed a post-sentence motion, which the trial court denied on June 28, 2023. Thereafter, Appellant filed the instant timely appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue:

Did the trial court err in imposing a sentence the minimum term of which shall be 16 years[,] where [Appellant] pled guilty and there were no reasons articulated or found by the court that would justify a sentence greater than the statutory minimum of 10 years?

Appellant's Brief at 4.

In his brief, Appellant actually asserts two issues: (1) his sentence above the statutory mandatory minimum sentence is illegal; and (2) the trial court abused its discretion in sentencing him above the mandatory minimum.[2] *See id.*

Regarding his claim of an illegal sentence, Appellant cites our Supreme Court's decision in *Commonwealth v. Elia*, 83 A.3d 254 (Pa. 2013). Appellant's Brief at 13. Appellant argues that in *Elia*, our Supreme Court recognized that, by imposing a mandatory minimum sentence,

> the General Assembly has chosen to punish those offenders **uniformly** with a mandatory minimum sentence, regardless of whether the victim consented or was coerced into the sexual contact.

Appellant's Brief at 13 (emphasis added) (quoting *Elia*, 83 A.3d at 269).

Appellant asserts

> this is a case wherein the legislature has, in a sense, imposed a specific sentence for a specific offense, and to justify a more severe sentence **the court must articulate reasons therefore**.

*Id.* at 14 (emphasis added). According to Appellant, the trial court's sentence is,

> in a sense, an aggravated sentence which can only sustain review if the court articulates some specific reason or reasons which justify a sentence more excessive than the statutorily mandated minimum.

---

[2] The Commonwealth did not file an appellate brief.

*Id.* Thus, Appellant appears to claim that a sentence above the mandatory minimum, without justification, constitutes an illegal sentence. *See id.* at 13-14.

A challenge to the legality of a sentence presents "a pure question of law." *Commonwealth v. Wright*, 276 A.3d 821, 827 (Pa. Super. 2022) (citation omitted). "As such, our scope of review is plenary and our standard of review *de novo*." *Id.* (citation and internal quotation marks omitted).

Appellant was subject to the following mandatory minimum sentencing statute:

> A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
>
> ….
>
> 18 Pa.C.S.[A.] § 3123 (relating to involuntary deviate sexual intercourse) – **not less than ten years**.

42 Pa.C.S.A. § 9718(a)(1) (emphasis added).

In addition, the Sentencing Code provides that a sentencing court "shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). "[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

In ***Elia***, James Elia (Elia) challenged the constitutionality of the mandatory minimum sentence required by 42 Pa.C.S.A. § 9718(a). ***Elia***, 83 A.3d at 256. In upholding the constitutionality of Section 9718(a), our Supreme Court opined:

> The fact that the General Assembly has not enacted a mandatory minimum sentence for one particular crime, one which Elia feels is more severe, does not, *ipso facto*, mean that the mandatory minimum sentence for IDSI is constitutionally infirm. Second, the absence of force or coercion does not render the mandatory minimum statute unconstitutionally disproportionate to Elia's conduct. The Commonwealth has a legitimate state interest in protecting minors younger than sixteen years old from adult sexual aggressors. … **To that end, the General Assembly has chosen to punish those offenders uniformly with a mandatory minimum sentence, <u>regardless of whether the victim consented or was coerced into the sexual contact</u>**. The absence of consent in one particular case does not vitiate the General Assembly's reasonable punitive goal. Moreover, the absence of consent or coercion does not, by itself, give rise to a reasonable inference that the sentence was grossly disproportionate.

***Id.*** at 269 (emphasis added; citation omitted).

In ***Elia***, the Supreme Court discerned no constitutional infirmity where the statute imposed the same mandatory minimum sentence, regardless of whether the offender used force or coercion. ***See id.*** The Supreme Court did not interpret the mandatory minimum sentencing statute as *requiring* a 10-year minimum sentence, or requiring extraordinary circumstances when sentencing in excess of 10 years. ***See id.*** To the extent Appellant challenges the legality of his sentence based on ***Elia***, his claim merits no relief.

Appellant also challenges the discretionary aspects of his sentence.[3] "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). Accordingly, to reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-30 (Pa. Super. 2013) (citation omitted).

Appellant preserved his claim in a timely post-sentence motion for modification of sentence and timely filed his notice of appeal. Appellant included in his appellate brief a statement of reasons relied upon for appeal,

---

[3] This Court has recognized,
> [W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his ... sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.

*Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005) (emphasis omitted).

in accordance with Pa.R.A.P. 2119(f). Appellant's Brief at 9-11. Accordingly, we next determine whether Appellant has raised a substantial question justifying our review. **See Edwards**, 71 A.3d at 330.

A substantial question exists when an appellant sets forth a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code "or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009).

In his Pa.R.A.P. 2119(f) statement, Appellant claims

[n]othing was stated of record at sentencing or in the [PSI] that would justify the imposition of a sentence six years in excess of the mandatory minimum which the general Assembly has provided in an effort to establish uniformity throughout the state for sentencing this particular class of offenders….

Appellant's Brief at 11.

Appellant contends his sentence is not appropriate under 42 Pa.C.S.A. § 9781(c).[4] Appellant's Brief at 9. Appellant points out he had no prior

_____

[4] Section 9781(c) provides, in relevant part, as follows:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

….

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]

42 Pa.C.S.A. § 9781(c)(2).

criminal record and had graduated high school. *Id.* Appellant states he presented evidence of his supportive family and made no excuses for his behavior. *Id.* Appellant further states that throughout the case, he cooperated with the investigation, admitted his guilt, and entered a guilty plea. *Id.* at 10. Appellant argues that nothing in the record supports a sentence in excess of the mandatory minimum. *Id.* at 10-11.

Based on the foregoing, Appellant has raised a substantial question regarding the appropriateness of his sentence. *See Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (finding defendant presented a substantial question when he raised an "excessive sentence claim[ ] in conjunction with an assertion that the court did not consider mitigating factors.") (citation omitted). Accordingly, we proceed to an examination of Appellant's argument on appeal.

Appellant challenges the trial court's sentence, claiming,

[w]hat makes the sentence … excessive is that there is nothing of record that would justify the imposition of a sentence beyond the legislatively mandated mandatory minimum. The purpose of the mandatory minimum is to establish some sense of uniformity throughout the state with regard to this particular class of offenders.

Appellant's Brief at 13. Appellant argues that the trial court failed to articulate a basis for sentencing in excess of the mandatory minimum sentence set by statute. *Id.* at 14. According to Appellant,

[t]he reasons articulated by the court in the instant case really amount to nothing more than quoting essentially verbatim the general statutory standards as set forth at 42 Pa.C.S.A. § 9721(b).

- 8 -

***Id.*** Appellant asks that we remand

> to the trial court to provide the trial court with an opportunity to articulate the reason or reasons for the imposition of a sentence six years in excess of the mandatory minimum.

***Id.*** at 15.

We are mindful of our standard of review: "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted).

"A sentencing court has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." ***Commonwealth v. Celestin***, 825 A.2d 670, 676 (Pa. Super. 2003) (citation omitted). The court

> need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender….

***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citation omitted).

Instantly, the record reflects the trial court had the benefit of a PSI.

> Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines,

Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citations and internal quotation marks omitted).

Appellant does not dispute his sentence is within the standard guidelines range. *See* Appellant's Brief at 13. Therefore, we may only vacate Appellant's sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1254 (Pa. Super. 2014).

Unfortunately, we are not able to address whether the trial court abused its discretion in sentencing Appellant. The notes of testimony from Appellant's sentencing hearing are not included in the certified record. The docket reflects that on May 4, 2023, Appellant ordered the transcripts of the *plea* hearing. Motion for Transcripts, 5/4/23. The docket further reflects that plea hearing transcripts were filed of record on June 2, 2023. Those transcripts are included in the certified record.

The trial court sentenced Appellant on June 12, 2023. A written "Post-Sentence Colloquy" is included in the certified record. On September 12, 2023, the trial court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The order included the following directive:

Appellant shall forthwith order, if [A]ppellant has not already done so, any transcript required for the purpose of transmission to the

appellate court, and shall make any necessary payment or deposit therefore.

Appellant shall remain responsible for the transcript preparation throughout the appellate process. Appellant is specifically directed to the provisions and potential sanctions of Pa.R.A.P. 1911(d)[5] and comments thereto.

Trial Court Pa.R.A.P. 1925 Order, 9/14/23 (footnote added).

Our review confirms the certified record includes no transcripts from the June 12, 2023, sentencing hearing.

"It is an appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Reed*, ... 971 A.2d 1216, 1219 ([Pa.] 2009). In addition, our Court has stated a "[f]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed. Where portions of a proceeding are unrecorded, [the] appellant's burden to supply a record may be satisfied through the statement in absence of transcript procedures. *See* Pa.R.A.P. 1923." *Commonwealth v. Steward*, 775 A.2d 819, 835 (Pa. Super. 2001) (citation and quotations omitted)....

*Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012).

Here, Appellant failed to ensure that the sentencing hearing was transcribed and the notes of testimony included in the certified record.

---

[5] Rule 1911(d) provides as follows:

Effect of failure to comply. If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1911(d).

Without these transcripts, we cannot conclude the trial court's application of the guidelines was "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). Because Appellant's sentencing challenge is not supported in the record, it merits no relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2024